IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHEAST NATURAL ENERGY LLC, | ) | Case No. 3:18-cv-240 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN R. LARSON, JUDITH S. LARSON, | ) | |
| ROGER L. LARSON, CATHY R. | ) | |
| LARSON, DOUGLAS RYDBERG, | ) | |
| MOUNTAIN VIEW CENTER, INC., KARI | ) | |
| L. LARSON, ANDREW J. LARSON, | ) | |
| EDWARD HOUSTON, CARLENE | ) | |
| PEARCE-HOUSTON, MICHAEL | ) | |
| RUDELLA, MARY ANN RUDELLA, | ) | |
| RHCC, LLC, DORTHY J. MILSPAW, | ) | |
| ALDER RUN LAND, LP, ORRIN L. | ) | |
| FRENCH, JEFFREY A. DALKE, | ) | |
| CATHERINE G. ANDERSON, DAVID K. | ) | |
| DAHLGREN, MARJORIE DAHLGREN, | ) | |
| BONNIE LOU DAHLGREN PETERS, and | ) | |
| TERRY PETERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Pending before the Court is Plaintiff Northeast Natural Energy LLC's Amended Motion to Vacate Arbitration Award (ECF No. 16) and Defendants Alan R. Larson *et al.*'s Motion to Dismiss and Motion to Confirm Arbitration Award (ECF No. 6). These motions are fully briefed and are ripe for disposition. (*See* ECF Nos. 7, 17, 18, 19, 22.)

This case arises from a dispute over the parties' obligations under several oil and gas leases. The parties engaged in arbitration pursuant to an arbitration agreement. The arbitration

panel (the "Panel") entered awards in favor of Defendants and Plaintiff filed the Complaint in this Court seeking to vacate the Panel's arbitration award.

For the reasons that follow, Plaintiff's Amended Motion to Vacate Arbitration Award (ECF No. 16) is **DENIED**, and Defendants' Motion to Dismiss and Motion to Confirm Arbitration Award (ECF No. 6) is **GRANTED** in part and **DENIED** in part.

## II. Jurisdiction and Venue

Defendants contest subject matter jurisdiction in this case. (*See* ECF No. 6 ¶ 4.) The Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy is more than $75,000. (*See id.* ¶¶ 5–26; ECF No. 16 ¶¶ 3–4.) Plaintiff is a limited liability company whose members are all citizens of West Virginia. (*See* ECF No. 6 ¶ 25; ECF No. 16 ¶ 4.) None of Defendants are citizens of West Virginia. (*See* ECF No. 6 ¶¶ 5–24; ECF No. 16 ¶ 3.) Venue is proper in the Western District of Pennsylvania pursuant to 9 U.S.C. § 9, under which venue is proper in the district in which the arbitration award was made. The arbitration award was made in Pittsburgh, Pennsylvania, which is within the Western District of Pennsylvania. (ECF No. 16 ¶ 7; ECF No. 6 ¶ 27.) Venue is also proper under 28 U.S.C. § 1391 because the property that is the subject of the underlying arbitration action is located principally in Clearfield County, Pennsylvania, which is also within the Western District of Pennsylvania. (ECF No. 16 ¶ 7.) Because this Court has subject matter jurisdiction over this case, Defendants' Motion to Dismiss for lack of subject matter jurisdiction is denied.

### III. Procedural History

Plaintiff initiated this lawsuit by filing the Complaint on November 29, 2018. (ECF No. 1.) Plaintiff seeks vacatur of an arbitration award on the grounds that the Panel exceeded its powers and "manifestly disregarded" the law. (*Id.* at 2.)

In response, Defendants filed the Motion to Dismiss and Motion to Confirm Arbitration Award on January 4, 2019, asking the Court to dismiss the Complaint and confirm the arbitration award. (ECF No. 6.) Plaintiff filed a Motion to Vacate Arbitration Award on January 7, 2019. (ECF No. 8.) Plaintiff then voluntarily dismissed its claims against Larson Enterprises, Inc. and Kristi A. Rydberg (collectively the "Dismissed Defendants"). (ECF No. 11.) The Court granted Plaintiff leave to amend its Motion to Vacate and filed the Amended Motion to Vacate Arbitration Award on January 28, 2019. (ECF No. 16.) The briefing and responses on these motions concluded on March 12, 2019. (*See* ECF Nos. 7, 17, 18, 19, 22.)

### IV. Factual History

The following facts are undisputed unless otherwise noted.[1]

Defendants are owners of land in Clearfield and Centre Counties who entered into oil and gas leases (the "Leases") with East Resources, Inc. between 2009 and 2010. (ECF No. 17 at 3.) The primary term of the Leases was 5 years. (ECF No. 1-5 at 8.) The Leases each contained a surrender clause, which stated:

> Lessee at any time, and from time to time, may surrender this lease as to all or part thereof by recording an appropriate instrument of surrender in the proper county

---

[1] The Court derives these facts from the Brief in Support of Defendants' Motion to Dismiss and to Confirm Arbitration Award (ECF No. 7), Amended Memorandum of Law in Support of Amended Motion to Vacate Arbitration Award (ECF No. 17), Brief in Opposition to Amended Motion to Vacate Arbitration Award (ECF No. 18), and Reply Brief in Support of Amended Motion to Vacate Arbitration Award (ECF No. 22).

-3-

and thereupon this lease and the rights, rentals and obligations of the parties hereunder shall terminate as to the part so surrendered . . .

(*Id.* at 9.) The Leases were amended in 2011 and in 2012 through an addendum to the Leases (the "Addendum"). (ECF No. 17 at 5.) The Addendum changed the language regarding the rental payments. The original language of paragraph 6, titled "Rental Payments," stated:

> This lease is made on the condition that within [90] days from the Effective Date of this lease, Lessee shall pay to the Lessor the sum of [$250] per acre for the first year. Thereafter, if operations for drilling are not commenced on leased premises or on acreage pooled therewith on or before [1] year from the Effective Date hereof, this lease shall terminate as to both parties unless on or before such Effective Date Lessee shall pay or tender to Lessor the sum of [$250] per acre . . . .

(ECF No. 1-5 at 9.) In the Addendum, that paragraph was deleted and replaced with a new paragraph titled "Delay Rental and Minimum Annual Payments." (*Id.* at 10.) The new paragraph stated:

> Lessee shall pay to Lessor a minimum amount equal to [$250] per acre of leased premise, during the primary term of this Lease, for the privilege of delaying commencement of drilling operations for a period of twelve months. The initial delay rental payments shall be paid no later than 90 days from the effective date of this Oil and Gas Lease. Lessee shall not conduct any activity on any of the properties leased hereunder, unless the said initial payment is made. The subsequent delay rental payments shall be made on or prior to the anniversary of the effective date of this Oil and Gas Lease, unless within the previous twelve months, a well has been drilled and is in production, for all or a portion of the leased land.

(*Id.*) The Addendum also stated that "[s]hould there be any inconsistency between the terms and conditions set forth in this Addendum and the main body of this lease, [then] the terms, conditions and provisions of this Addendum shall prevail and supersede the inconsistent provisions of the main body of this lease." (*Id.* at 9.)

-4-

Plaintiff acquired the Leases in 2011. (ECF No. 17 at 3.) Between April 2012 and April 2015, Plaintiff surrendered the Leases and did not pay any further rent on the Leases. (*Id.* at 6.) Defendants then served Plaintiff with a demand for arbitration on April 22, 2016. (ECF No. 1-4 at 1.) The parties executed an Amended Arbitration Agreement on January 31, 2017, agreeing to submit the dispute to the American Arbitration Association (the "AAA"). (*Id.*) On February 27, 2017, Defendants filed the arbitration demand with the AAA. (ECF No. 17 at 3.) At the hearing before the Panel, some Defendants testified as to their leases, including Alan Larson, while others did not appear and testify (the "Non-testifying Defendants"). (ECF No. 1-5 at 8.)

On October 30, 2018, the Panel decided in favor of Defendants, finding that Plaintiff could not avoid delay rental payments by surrendering the Leases. (*Id.* at 11.) In its opinion (the "Panel Opinion"), the Panel concluded:

> [W]e find that the surrenders by [Plaintiff] did not eliminate its obligation to pay delay rentals through the end of the primary term of the leases. The payment language created a vested right in the lessors and, like the payment language in the *Schnader, Harrison* partnership agreement, is mandatory, clear and unconditional. The entire structure of paragraphs 5 and 6A of the Addendum is intended to lock down East Resources and lock in the lessors' right to payment, eliminating discretionary language in the form lease and substituting terms that create a debt the lessee cannot avoid.

(*Id.* at 14–15.) Plaintiff then petitioned this Court to vacate the decision of the Panel.

V.  **Legal Standard**

Under Section 9 of the Federal Arbitration Act ("FAA"), a court must grant an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. A court will set aside an arbitral verdict under Section 10 only in "very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514

U.S. 938, 942 (1995). There is a "strong presumption" in favor of an arbitration award. *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co.*, 868 F.2d 52, 56 (3d Cir. 1989). This is because limited judicial review "maintain[s] arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008).

One ground for which an arbitration award may be vacated is "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). When making this inquiry, it is not the proper role of the court to "sit as the [arbitration] panel did and reexamine the evidence under the guise of determining whether the arbitrators exceeded their powers." *Mut. Fire*, 868 F.2d at 56. Instead, "the sole question for [the Court] is whether the arbitrator[s] (even arguably) interpreted the parties' contract, not whether [they] got its meaning right or wrong." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). This means that even where the Court is convinced that the arbitrator has committed serious error, the award must be enforced unless there is "absolutely no support at all in the record justifying the arbitrator's determinations." *United Trans. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995).

The Court may also vacate an arbitration award when the arbitrators displayed a "manifest disregard" of the law, *First Options*, 514 U.S. at 942, which means that the arbitral award was "completely irrational." *Mut. Fire*, 868 F.2d at 56. "Manifest disregard" is not one of the grounds for vacatur listed in § 10(a) of the FAA and is instead a judicially-created doctrine.[2]

---

[2] The Third Circuit recently noted that in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) the Supreme Court "called into question the viability of manifest disregard as an independent ground for vacating an arbitration award" in holding that Sections 10 and 11 of the FAA provide the FAA's "exclusive

-6-

*Goldman v. Citigroup Global Mkts. Inc.*, 834 F.3d 242, 255 (3d Cir. 2016). Establishing a "manifest disregard" claim presents a "tremendous obstacle," because "if a court can find any line of argument that is legally plausible and supports the award then it must be confirmed." *Bellantuono v. ICAP Sec. USA, LLC*, 557 F. App'x 168, 174 (3d Cir. 2014). This means that "there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." *News Am. Publ'ns, Inc. Daily Racing Form Div. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990).

## VI. Discussion

### A. The Parties' Arguments

Plaintiff contends that the Panel both exceeded its powers and manifestly disregarded the law in reaching its arbitration decision. (ECF No. 17 at 2.) First, Plaintiff asserts that the Panel removed the surrender provision and gave it no effect and that it added delay rental language to the Leases. (*Id.* at 10.) Instead of interpreting the unambiguous terms of the Leases, the Panel rewrote the Leases by removing the surrender clause. (*Id.* at 13.) Plaintiff argues that nothing in the Addendum expressly deleted or modified the surrender clause. (*Id.*) The Panel rewrote the Leases by providing for a "paid up" lease with an accrued obligation to pay all delay rentals at the time of lease signing. (*Id.* at 14.) Plaintiff asserts that this interpretation is not consistent with the plain language of the surrender clause, which discharged the obligation of Plaintiff to pay rent on the Leases upon surrender. (*Id.*)

---

grounds" for vacatur and modification of an arbitration award. *Ross Dress for Less Inc. v. VIWP, L.P.*, 750 F. App'x 141, 145 n.1 (3d Cir. 2018). This Court will reserve the issue for the Third Circuit and will assume, *arguendo*, that manifest disregard supports an independent ground for vacatur.

Second, Plaintiff argues that the Panel improperly based its opinion on parol evidence of Alan Larson in violation of Pennsylvania law. (*Id.* at 15.) The Panel should not have relied on extrinsic evidence because the Leases were unambiguous. (*Id.*) The Panel also failed to determine that parol evidence showed a meeting of the minds. (*Id.* at 16.) Plaintiff asserts that even if it was proper to rely on extrinsic evidence, there was no basis in the record for the panel to rely exclusively on the testimony of Mr. Larson. (*Id.*) The Panel used this parol evidence to rewrite the Leases to an interpretation that was inconsistent with the plain language of the Leases. (*Id.* at 17.)

Third, Plaintiff asserts that the Panel made irrational awards to the Non-testifying Defendants because they did not provide any evidence to support their breach of contract claims. (*Id.* at 20–21.) Each lease was a discrete agreement and each Defendant had the burden to prove breach of contract. (*Id.* at 21.) Evidence as to Alan Larson's lease could not be imputed to the other leases. (*Id.*) Plaintiff asserts that awarding damages to these Defendants was a manifest disregard for the law. (*Id.* at 22.)

Fourth, Plaintiff argues that collateral estoppel does not apply in this case. (ECF No. 22 at 15.) Plaintiff's decision to not seek review of the arbitration awards made in favor of the Dismissed Defendants does not preclude Plaintiff from seeking review of the other arbitration awards. (*Id.*) This is because the awards made by the Panel were distinct and Plaintiff could choose to seek review of all of the awards or just some of the awards. (*Id.* at 16.) Plaintiff asserts that the requirements for collateral estoppel are not met here and that applying collateral estoppel to the review of arbitration awards would frustrate the review scheme under the FAA. (*Id.* at 15.)

Defendants argue that the Panel did not exceed its powers in granting the arbitration award. (ECF No. 18 at 10.) The Panel interpreted the language of the lease and recognized the existence of the surrender clause. (*Id.* at 11.) Defendants assert that the Panel's conclusion was founded upon the language the parties chose and implemented in their agreement. (ECF No. 7 at 13.) The Panel analyzed the language of the Leases and the Panel could choose to rely on parol evidence. (*Id.* at 14.) The conclusion of the Panel flowed from an analysis of the pure language of the Leases. (*Id.* at 15.) Defendants argue the awards cannot be vacated because the Panel, at a minimum, was at least "arguably construing" the Leases. (*Id.*)

Next, Defendants argue that the Panel did not "manifestly disregard" the law when it awarded damages on the Non-testifying Defendants' claims for breach of contract.[3] (*Id.* at 17.) These claims did not lack evidentiary proof because the record contains proof of the claims from the Non-testifying Defendants and oral testimony was not needed for damages to be awarded on these claims. (*Id.* at 17–18.)

Lastly, Defendants argue that Plaintiff is collaterally estopped from challenging the interpretation of the leases and the sufficiency of the evidence for non-testifying Defendants. (ECF No. 18 at 21.) Plaintiff voluntarily dismissed the Dismissed Defendants who asserted the same claims as the other Defendants. (*Id.*) Because no challenge can be asserted to the arbitration awards in favor of the Dismissed Defendants, the awards in their favor are final and have the effect of final judgments. (*Id.* at 22.) Defendants assert that the four requirements of collateral estoppel are met in this case and preclude review of all of the arbitration awards. (*Id.*)

---

[3] Defendants also argue that this ground for vacatur no longer exists. (*See id.* at 16 n.9.)

## B. Plaintiff's Motion to Vacate the Arbitration Award Is Denied Because the Panel Did Not Exceed its Powers nor Did it Manifestly Disregard the Law

This Court must determine whether the Panel arguably interpreted the Leases in determining its arbitration award. *Oxford Health Plans*, 569 U.S. at 569. Plaintiff must demonstrate that there is "absolutely no support at all in the record justifying the arbitrator's determinations." *United Trans. Union Local 1589*, 51 F.3d at 379. Plaintiff has failed to meet that high burden here.

Plaintiff alleged four main errors with the Panel Opinion. The Court will address each in turn.

Plaintiff first argues that the Panel rewrote the Leases by adding delay rental language to the Leases. However, it was not the Panel that rewrote the Leases, but the parties to the Leases that did so through the Addendum. The Panel first noted that it had to determine whether the party who did not terminate the Leases had a "vested" right to payment. (ECF No. 1-5 at 12.) After examining relevant cases, the Panel concluded that Defendants' right to payment had vested under the Leases because the Addendum made rental payments mandatory rather than optional. (*Id.* at 15.) The Panel reasoned:

> [T]he surrenders by [Plaintiff] did not eliminate its obligation to pay delay rentals through the end of the primary term of the leases. The payment language created a vested right in the lessors and, like the payment language in the *Schnader, Harrison* partnership agreement, is mandatory, clear and unconditional. The entire structure of paragraphs 5 and 6A of the Addendum is intended to lock down East Resources and lock in the lessors' right to payment, eliminating discretionary language in the form lease and substituting terms that create a debt the lessee cannot avoid.

(*Id.* at 14–15.) The Panel considered the testimony of Plaintiff's expert that the payment terms in the Addendum did not look like mandatory payment obligations. (*Id.* at 16.) It found that

testimony unpersuasive, noting that oil and gas leases are interpreted differently than other types of leases. (*Id.*) The Court cannot conclude that the Panel did not interpret the contract as written in concluding that Defendants had a vested right to payment under the language of the Leases.

Plaintiff next asserts that the Panel removed the surrender provision from the Leases and gave it no effect. Based upon an examination of the Panel Opinion, this is not the case. The Panel acknowledged and discussed the surrender clause in its opinion. (*See id.* at 9.) It found that the "rights, rentals, and obligations" of the surrender clause referred to language in paragraph 6 of the original leases. (*Id.* at 15.) The Addendum changed these rental obligations and made them mandatory payments. (*Id.*) The Panel found that the surrender clause was not inconsistent with this interpretation of the rental payment paragraph. (*Id.*) Even assuming that it was inconsistent, the Panel noted that the Addendum's "any inconsistency" language includes "any inconsistency between the new delay rental payment language and the surrender clause." (*Id.* at 15–16.) This means that the surrender clause could not be interpreted in a way that would relieve Plaintiff of making rental delay payments. (*Id.* at 16–17.) The record supports this interpretation of the Leases and adheres to principles of contract interpretation.

Next, Plaintiff argues that the Panel improperly based its opinion on parol evidence in violation of Pennsylvania law. The Panel considered this same argument by noting that the parties "sharply dispute the application of the parol evidence rule." (*Id.* at 14.) It then noted that "the parol evidence rule does not preclude evidence of contractual intent where the language of the agreement does not address the issue in dispute." (*Id.*) The Panel found that the extrinsic evidence would be helpful to determine the intent of the parties. (*Id.* (citing *Kripp v. Kripp*, 849 A.2d 1159, 1164 n.5 (Pa. 2004)). After reviewing the Panel Opinion, the Court finds that the

-11-

Panel's application of the parol evidence rule was not "completely irrational." The Panel cited the appropriate legal authority and did not misapply Pennsylvania law.

Lastly, Plaintiff asserts that the Panel made irrational awards to Defendants who did not appear and testify because they did not provide any evidence to support their breach of contract claims. The record reveals that the Panel had sufficient evidence to make these findings. Plaintiff stipulated that the leases for the Non-testifying Defendants were substantially identical to each other and Alan Larson's lease. (ECF No. 7 at 17.) Plaintiff also stipulated to the date it surrendered each of the Leases. (*Id.*) The panel referenced all of the Leases in the Panel Opinion and found that Plaintiff breached its contract with the Defendants by failing to make the delay rental payments. (ECF No. 1-5 at 16–17.) The Panel's conclusion is therefore supported by the record and was not a "manifest disregard" for the law.

Because no grounds for vacatur of the arbitration award exist, the arbitration award must be confirmed.[4]

## VII. Conclusion

For the foregoing reasons, Plaintiff's Amended Motion to Vacate Arbitration Award (ECF No. 16) is denied, and Defendants' Motion to Dismiss and Motion to Confirm Arbitration Award (ECF No. 6) is granted in part and denied in part. The Complaint is dismissed with prejudice.

A corresponding order follows.

---

[4] This Court need not address the collateral estoppel issue because Plaintiff has not presented any grounds for vacatur.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHEAST NATURAL ENERGY LLC, | ) | Case No. 3:18-cv-240 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN R. LARSON, JUDITH S. LARSON, ROGER L. LARSON, CATHY R. LARSON, DOUGLAS RYDBERG, MOUNTAIN VIEW CENTER, INC., KARI L. LARSON, ANDREW J. LARSON, EDWARD HOUSTON, CARLENE PEARCE-HOUSTON, MICHAEL RUDELLA, MARY ANN RUDELLA, RHCC, LLC, DORTHY J. MILSPAW, ALDER RUN LAND, LP, ORRIN L. FRENCH, JEFFREY A. DALKE, CATHERINE G. ANDERSON, DAVID K. DAHLGREN, MARJORIE DAHLGREN, BONNIE LOU DAHLGREN PETERS, and TERRY PETERS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

NOW, this 20th day of September, 2019, upon consideration of Plaintiff's Amended Motion to Vacate Arbitration Award (ECF No. 16) and Defendants' Motion to Dismiss and Motion to Confirm Arbitration Award (ECF No. 6) and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Plaintiff's Amended Motion to Vacate Arbitration Award (ECF No. 16) is **DENIED**, and Defendants' Motion to Dismiss and Motion to Confirm Arbitration Award (ECF No. 6) is **GRANTED IN PART** and **DENIED IN PART**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE