IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHEAST NATURAL ENERGY LLC, | ) | Case No. 3:18-cv-240 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN R. LARSON, JUDITH S. LARSON, | ) | |
| ROGER L. LARSON, CATHY R. | ) | |
| LARSON, DOUGLAS RYDBERG, | ) | |
| MOUNTAIN VIEW CENTER, INC., KARI | ) | |
| L. LARSON, ANDREW J. LARSON, | ) | |
| EDWARD HOUSTON, CARLENE | ) | |
| PEARCE-HOUSTON, MICHAEL | ) | |
| RUDELLA, MARY ANN RUDELLA, | ) | |
| RHCC, LLC, DORTHY J. MILSPAW, | ) | |
| ALDER RUN LAND, LP, ORRIN L. | ) | |
| FRENCH, JEFFREY A. DALKE, | ) | |
| CATHERINE G. ANDERSON, DAVID K. | ) | |
| DAHLGREN, MARJORIE DAHLGREN, | ) | |
| BONNIE LOU DAHLGREN PETERS, and | ) | |
| TERRY PETERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Pending before the Court is Plaintiff Northeast Natural Energy LLC's Motion to Vacate Order and Dismiss Lawsuit (ECF No. 27) and Defendants Alan R. Larson *et al.*'s Amended Motion for Sanctions (ECF No. 42). These motions are fully briefed and are ripe for disposition. (*See* ECF Nos. 27, 28.)

For the reasons that follow, Plaintiff's Motion to Vacate Order and Dismiss Lawsuit (ECF No. 27) is **DENIED**, and Defendants' Amended Motion for Sanctions (ECF No. 42) is **DENIED**.

## II. Background

On September 20, 2019, this Court issued its Order and Opinion confirming an arbitration award under the Federal Arbitration Act ("FAA"). (ECF No. 24.) The parties presented the issue of subject-matter jurisdiction to the Court and the Court held that, upon examination of the motions and pleadings, it had subject-matter jurisdiction because the parties were citizens of different states and the amount in controversy exceeded $75,000. (*Id.* at 2.) Specifically, the Court found that Plaintiff is a limited liability company whose members are all citizens of West Virginia and none of Defendants are citizens of West Virginia. (*Id.*)

On October 7, 2019, Plaintiff filed a Motion to Vacate Order and Dismiss Lawsuit, stating that: "[u]pon review, it was learned two limited liability companies holding membership interest in NNE Holding LLC, the parent company and Member of Northeast, have individual members that are citizens of the states of various Defendants to this lawsuit."[1] (ECF No. 27 ¶ 5.) Plaintiff therefore asserted that this Court lacked subject-matter jurisdiction over the case and must vacate its prior order and dismiss the lawsuit. (*Id.* ¶ 7.) Plaintiff attached no exhibits to its Motion detailing the membership of the other limited liability companies.

Defendants responded in opposition on October 9, 2019, asserting that this Court has subject-matter jurisdiction. (ECF No. 28.) Defendants assert that business records maintained by the West Virginia Secretary of State establish that Plaintiff is only a citizen of West Virginia because it only has West Virginia citizens as its members. (*Id.* ¶ 7–8.) In support of their position, Defendants filed an affidavit containing those records. (ECF No. 29.)

---

[1] Plaintiff also filed a notice of appeal of the underlying action on October 17, 2019. (ECF No. 34.)

The parties presented argument on their respective positions before the Court on October 29, 2019. (ECF No. 37.) At argument, Plaintiff asserted that its membership included entities that were not listed on the state records. Defendants filed a Motion for Sanctions later that day, stating that Plaintiff's conduct violated Rule 11. (ECF No. 38.) Defendants amended their Motion for Sanctions on November 20, 2019. (ECF No. 42.)

III. Discussion

A. The Court Denies Plaintiff's Motion to Vacate and Dismiss Lawsuit

A federal district court has subject-matter jurisdiction over cases in which the parties are citizens of different States and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There must be complete diversity among the parties, meaning that in cases with multiple plaintiffs or multiple defendants, no plaintiff can be a citizen of the same state as any defendant. *Kaufman v. Allstate N.J. Insur. Co.*, 561 F.3d 144, 148 (3d Cir. 2009).

The citizenship of the members of a limited liability company ("LLC") determines the LLC's citizenship. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Where an LLC is a member of another LLC, the court must trace the citizenship of the members of the subsidiary LLC to determine the citizenship of the parent LLC. *Id.* at 420. An LLC comprised of natural persons is deemed to be a citizen of the state where each of its members are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). The party asserting diversity jurisdiction bears the burden of establishing jurisdiction by a preponderance of the evidence. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

Whether a citizen is a member of an LLC for diversity of citizenship purposes is governed by the law of the state in which the LLC is organized or incorporated. *Celtig, LLC v. Patey*, 326 F.

Supp. 3d 1299, 1304 (D. Utah 2018) (citing *Dumann Realty, LLC v. Faust*, No. 09-cv-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013)); *cf. GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 40 (3d Cir. 2018) (looking to the law of the state where a trust was formed to determine its citizenship).

Consequently, the Court looks to law of the state in which Plaintiff and NNE Holdings are organized—West Virginia—to determine the membership of each. A West Virginia limited liability company is created upon the filing of the articles of organization with the West Virginia Secretary of State. W. Va. Code § 31B-2-202. For a filing to be complete and accepted, the organizers must list all of the members of the LLC in the articles of organization. *Id.* Only those members on the official records are the members of LLC. *Id.*

Here, Defendants have shown by a preponderance of evidence that diversity of citizenship exists. Defendants submitted records of the Secretary of State of West Virginia, which show that Plaintiff has one member, NNE Holding LLC with an address at 707 Virginia Street East, Charleston, West Virginia. (ECF No. 29-1 at 1.) Additional records show that NNE Holding LLC only has two members, Michael John and John D. Adams, each with an address at 707 Virginia Street East, Charleston, West Virginia. (ECF No. 29-2 at 1.) Because Mr. John and Mr. Adams are citizens of West Virginia, NNE Holdings LLC and Plaintiff are a citizens of only West Virginia.

The Court holds that Plaintiff's allegation that this Court lacks diversity of citizenship, without more, is not enough to establish a lack of jurisdiction. The records establish that NNE Holding LLC has no members that are limited liability companies. Plaintiff does not identify the two LLCs that are alleged members of NNE Holding LLC, the members of those LLCs, the

-4-

citizenship of each of the members of those LLCs, or the date on which the LLCs became members of NNE Holding LLC.

### B. The Court Denies Defendants' Amended Motion for Sanctions

Defendants argue that Plaintiff's conduct in this lawsuit warrants Rule 11 sanctions. (ECF No. 42.) Defendants state the following as Plaintiff's "bad faith and vexatious conduct:" (1) Plaintiff filed a complaint and a motion to vacate the arbitration award in state court in West Virginia the same day it filed its Amended Motion to Vacate Arbitration Award in this Court without informing either this Court or Defendants, (2) Plaintiff did not inform this Court about any protentional lack of diversity of citizenship until after this Court issued its September 20 Order and Opinion, (3) Plaintiff served Defendants in the West Virginia action five days after this Court issued its September 20 Order and Opinion, and (4) the West Virginia action is wasteful because the West Virginia court lacks personal jurisdiction over the Defendants and service on the motion to vacate was eight months late. (ECF No. 28 ¶¶ 12–18.)

In response, Plaintiff asserts that sanctions are not warranted because its conduct was not vexatious or in bad faith. (ECF No. 41.) Plaintiff asserts that it filed its Motion to Vacate and the West Virginia action to preserve its case. (Id.)

If, after notice and a reasonable opportunity to respond, a court determines that a party or attorney has violated Rule 11(b), the court may impose an appropriate sanction on the party responsible for the violation. Fed. R. Civ. P. 11(c)(1). A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). A sanction imposed under this rule must be limited to what

suffices to deter repetition of the conduct or comparable same conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4)

The test for imposing Rule 11 sanctions is one of objective reasonableness. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 207 (3d Cir. 2019). The reasonableness of counsel's conduct depends on a number of factors, including: (1) the amount of time available to conduct the factual and legal investigation, (2) the necessity for reliance on a client for the underlying factual information, (3) the plausibility of the legal position advocated, and (4) the complexity of the legal and factual issues implicated. *Id.*

Here, Plaintiff has a right to challenge subject-matter jurisdiction at any time, even for the first time on appeal, or even if the party had previously acknowledged the Court's jurisdiction. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). Plaintiff has filed an appeal in this action and therefore could have skipped over this Court and raised the issue of subject-matter jurisdiction for the first time before the Third Circuit. The Court finds that Plaintiff filed the Motion to Vacate for the Court to address its jurisdiction before the Third Circuit would address it.

The Third Circuit has held Rule 11 sanctions unwarranted when a party files a motion as of right. *See Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 616 (3d Cir. 1991) (holding that defendant's filing of a *forum non conveniens* motion did not warrant Rule 11 sanctions because defendant had a right to move for such a dismissal). Because Plaintiff had a right to challenge this Court's subject-matter jurisdiction at any time, the Court will not impose sanctions on Plaintiff for exercising this right. The Court holds that Plaintiff's filing of the Motion to Vacate was reasonable under the circumstances of this case.

Accordingly, Plaintiff's conduct does not warrant Rule 11 sanctions.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Vacate Order and Dismiss Lawsuit (ECF No. 27) is denied, and Defendants' Amended Motion for Sanctions (ECF No. 42) is denied.

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHEAST NATURAL ENERGY LLC, | ) | Case No. 3:18-cv-240 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN R. LARSON, JUDITH S. LARSON, ROGER L. LARSON, CATHY R. LARSON, DOUGLAS RYDBERG, MOUNTAIN VIEW CENTER, INC., KARI L. LARSON, ANDREW J. LARSON, EDWARD HOUSTON, CARLENE PEARCE-HOUSTON, MICHAEL RUDELLA, MARY ANN RUDELLA, RHCC, LLC, DORTHY J. MILSPAW, ALDER RUN LAND, LP, ORRIN L. FRENCH, JEFFREY A. DALKE, CATHERINE G. ANDERSON, DAVID K. DAHLGREN, MARJORIE DAHLGREN, BONNIE LOU DAHLGREN PETERS, and TERRY PETERS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 25th day of November, 2019, upon consideration of Plaintiff's Motion to Vacate Order and Dismiss Lawsuit (ECF No. 27) and Defendants' Motion for Sanctions (ECF No. 38) and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Plaintiff's Motion to Vacate Order and Dismiss Lawsuit (ECF No. 27) is **DENIED**, and Defendants' Amended Motion for Sanctions (ECF No. 42) is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE